UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC DURBIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| | ) |
| ELIZABETH LAYTON CENTER | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff complains against the above-named Defendants as follows:

## I. THE PARTIES.

1. Plaintiff is a citizen of the United States and resident of Franklin County, Kansas.

2. Defendant Elizabeth Layton Center is registered and doing business at multiple locations in the state of Kansas during the relevant time period.

## II. JURISDICTION AND VENUE.

3. The jurisdiction of the federal court is invoked because Plaintiff's claims arise under the statutes and laws of the United States, 42 U.S.C. Section 2000e et seq., the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA") and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.

4. Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claims arose.

### III.     STATEMENT OF FACTS.

5.     Plaintiff was employed at Defendant's operation located at 2537 Eisenhower Road, Ottawa, Kansas 66067.

### COUNT I - DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADAA

6.     Plaintiff hereby incorporates the foregoing paragraphs by reference.

7.     Plaintiff was an individual who suffered from disabilities protected by the Americans with Disabilities Act.

8.     Plaintiff sought reasonable accommodation in the form of accommodated leave under the FMLA, but was denied such accommodation.

9.     Plaintiff sought other forms of accommodation with regard to his work schedule, but had the accommodation as to his work schedule taken away after she sought an accommodated medical leave.

10.     Defendants, in the course of denying Plaintiff's accommodation request, retaliated against him by giving him a work schedule they knew she could not work based on his disabilities.

11.     Defendants disciplined Plaintiff for taking a purported non-FMLA accommodated leave from work, though his leave was taken under his doctor's orders and he was otherwise legally protected from such disciplinary action.

12.     On information and belief, Defendants could have held Plaintiff's position open longer than it did, but instead, opted to place him in a position that did

not meet his accommodated needs and filled his former position with a less senior employee.

13. Defendants failed to engage in the good faith interactive process with Plaintiff regarding his required accommodations when he returned from leave.

14. Defendants failed to provide a reasonable accommodation as to Plaintiff's disabilities.

15. Defendants retaliated against Plaintiff by putting him in a position that they knew he could not work due to the disabilities he reported to Defendants.

16. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate time period and filed a complaint within 90 days after the date of his right to sue letter.

17. A copy of Plaintiff's right to sue letter is attached as Exhibit A.

18. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

19. Defendant knew or should have known of the charge of discrimination filed by Plaintiff.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

21. Defendants' conduct against Plaintiff was intentional and in reckless disregard of his rights to be free from discrimination such that Plaintiff is entitled to an award of punitive damages.

22. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

## IV.  COUNT II - VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT.

23. Plaintiff hereby incorporates the foregoing paragraphs by reference.

24. Defendants' operation in Ottawa, Kansas was covered under the FMLA.

25. Employees at Defendants' operation in Ottawa, Kansas were eligible to take FMLA leave provided they met the statutory requirements for minimum term and hours of employment, and needed to care for their own serious health condition.

26. Plaintiff suffered from several serious health conditions that required, under his physician's direction and guidance, time off from work.

27. Defendants, though on notice of Plaintiff's need for leave protected under the FMLA, interfered with Plaintiff's rights by refusing to give him FMLA required notices as to his rights, failed to credit him with FMLA leave and refused to return Plaintiff to the substantially similar position (i.e. the same shift) upon Plaintiff's return to work after his FMLA leave ended.

28. Defendants retaliated against Plaintiff for invoking his FMLA rights by issuing him an attendance write-up when he returned to work, and by forcing

4

Plaintiff into a position that required him to drive to or from work at night (something Defendants knew Plaintiff could not do) in order to secure Plaintiff's forced resignation.

29.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income.

30.     Defendants knew that Plaintiff was entitled to FMLA leave, but acted willfully in both inhibiting him from receiving full benefits of his FMLA rights and otherwise retaliating against him for exercising his FMLA rights.

31.     Plaintiff is entitled to economic damages, liquidated damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

V.     **DEMAND FOR JURY TRIAL**.

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

VII.     **DESIGNATION OF PLACE OF TRIAL**.

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully submitted,

**REAVEY LAW LLC**

By:  /s/ Kevin C. Koc                      .
 Patrick G. Reavey, KS# 17291
 Kevin Koc KS# 24953
 Livestock Exchange Building
 1600 Genessee, Suite 303

Kansas City, MO 64102
Ph: 816.474.6300
Fax: 816.474.6302
Email: preavey@reaveylaw.com
Email: kkoc@reaveylaw.com
Website: www.reaveylaw.com
ATTORNEYS FOR PLAINTIFF